**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1690
_____

IBRAHIM MOMIN,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review from the
Board of Immigration Appeals
BIA No. A088-440-468
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 15, 2015

Before: RENDELL, SMITH, and KRAUSE, *Circuit Judges*

(Filed: June 8, 2015)
_____

OPINION[*]
_____

Smith, *Circuit Judge*.

_____
[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ibrahim Momin is a native and citizen of Bangladesh. He entered the United States in October of 2010, crossing from Mexico into Texas. He filed a timely application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Momin claimed to be a member of the Bangladesh Nationalist Party (BNP), who suffered political persecution at the hands of rival Awami League members. In a decision dated March 31, 2011, the Immigration Judge (IJ) found Momin not credible and concluded that he failed to demonstrate either past persecution or a well-founded fear of future persecution required for asylum. The IJ also denied his application for withholding of removal and the protections of the CAT. In March of 2012, the Board of Immigration Appeals (BIA) dismissed Momin's appeal.

Momin did not petition for review of the BIA's March 2012 decision. In January of 2014, however, Momin filed a motion to reopen his proceeding with the BIA, claiming that he had a well-founded fear of persecution if he were returned to Bangladesh. Momin recounted his claim of persecution by Awami League members who attacked him in 2009 and submitted a letter from his mother, referencing the family's involvement in the BNP since 2008, his father's decision to run for local office in March 2012, the abduction of his father by four Awami League members on January 28, 2013, and the fact that his father was found dead later that night.

As further support for reopening, Momin submitted, *inter alia*, a letter from his

uncle and two news articles. The uncle's letter set out information pertaining to the disappearance and death of Momin's father. It also confirmed that Momin's family had been deeply involved in politics and asserted that Momin would be targeted if he returned to Bangladesh. The two articles mentioned the death of Momin's father.

The BIA denied Momin's motion to reopen. This timely petition for review followed.[1] Momin contends that the BIA erred in denying his motion to reopen because it failed to examine the evidence Momin adduced of changed country conditions that established his well-founded fear of future persecution. According to Momin, the BIA "unreasonably reduced the evidentiary weight" of the evidence Momin submitted and improperly relied on the IJ's earlier adverse credibility determination.[2]

We are not persuaded by Momin's arguments. As the BIA observed, the motion

---

[1] The BIA had jurisdiction to consider the motion to reopen under 8 C.F.R. § 1003.2(a). Because an order by the BIA denying a motion to reopen is a "final order of removal," we have jurisdiction under 8 U.S.C. § 1252(a). *Sevoian v. Ashcroft*, 290 F.3d 166, 171 (3d Cir. 2002). We review the BIA's denial of a motion to reopen for an abuse of discretion, *id.* at 170, and we will not disturb the BIA's discretionary ruling unless it is "arbitrary, irrational or contrary to law." *Khan v. Att'y Gen.*, 691 F.3d 488, 495 (3d Cir. 2012) (internal quotation marks and citations omitted).

[2] We note that Momin's opening brief states that he seeks judicial review of not only the denial of his motion to reopen, but also the denial of his application for asylum, withholding, and relief under the CAT. Petitioner's Br. at 1. Consistent with that request, Momin challenges the IJ's adverse credibility determination and certain findings in the 2011 decision. *Id.* at 10. We cannot review the IJ's findings and the BIA's dismissal in 2012, however, as Momin never petitioned for review. *See* 8

3

to reopen sought relief based on the same claim of political persecution by Awami League members that had been advanced in Momin's initial application. His motion recounted his membership in the BNP and the 2009 attack he sustained at the hands of five Awami League members. The evidence he adduced to show a change in country conditions demonstrated the family's continued involvement in BNP activity and his father's subsequent abduction and murder in January of 2013, allegedly by Awami League members. Because both the motion to reopen and the initial asylum application sought relief based on the same underlying claim of political persecution, the BIA permissibly considered the IJ's earlier adverse credibility determination. *Gen Lin v. Att'y Gen.*, 700 F.3d 683, 688 n.3 (3d Cir. 2012).

Momin's contention that the BIA failed to consider the new evidence he adduced relating to his father's death also lacks merit. The BIA discussed the substance and significance of Momin's submissions. In addition, the BIA considered the two news articles Momin submitted, which mentioned the alleged murder of Momin's father. The BIA set out several reasons for not according great weight to either article, including that both articles focused more on Momin's circumstances in 2008 and 2009 and his difficult pursuit of asylum than the circumstances surrounding his father's death.

U.S.C. § 1252(b)(1) (establishing a 30 day time period to file a petition for review).

Momin asserts several times in his opening brief that the BIA violated his right to due process. Assuming these conclusory assertions are sufficient to raise a due process deprivation, we conclude that there is no merit to such a claim. It is well settled that even though "there is no constitutional right to asylum, aliens facing removal are entitled to due process." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). This requires an "opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (internal quotation marks and citation omitted). In an adjudicative context like this immigration proceeding, this means the alien is entitled to an "individualized determination" of his request for relief. *Id.* We conclude that these requirements were satisfied as the BIA considered the evidence and arguments that Momin presented in his motion.

In sum, we conclude that the BIA did not abuse its discretion in denying Momin's motion to reopen his proceeding. Accordingly, we will deny Momin's petition for review.