**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-4176

———————

IBRAHIM MOMIN,
                                        Petitioner
                        v.

THE ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
                                        Respondent

———————

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A088-440-468)
Immigration Judge:  Honorable Mirlande Tadal

———————

Submitted Under Third Circuit LAR 34.1(a)
on June 15, 2017

———————

Before: JORDAN, KRAUSE, and GREENBERG, *Circuit Judges*.

(Opinion Filed:  June 16, 2017)

———————

OPINION*

———————

KRAUSE, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Ibrahim Momin, a native and citizen of Bangladesh, petitions for review of a decision by the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Because the BIA acted within its discretion in denying his motion, we will deny the petition.

## I. Background

Momin entered the United States without authorization in October 2010 and, soon thereafter, was charged as removable and referred to an Immigration Judge (IJ). Momin filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, asserting a fear of political persecution due to his membership in the Bangladesh Nationalist Party (BNP). The IJ found Momin not credible and, in March 2011, denied his request for relief. The BIA affirmed the IJ's decision and removal order.

In January 2014, Momin filed a motion with the BIA to reopen his immigration proceedings, claiming that he would be targeted for his political activism with the BNP if he were removed to Bangladesh and adducing evidence of his father's murder in 2013 by members of the Awami League, a rival political party. The BIA denied Momin's motion to reopen, concluding it rested on substantially the same claim of persecution for which he was previously found not credible. In June 2015, we affirmed the BIA's decision. *Momin v. Att'y Gen.*, 611 F. App'x 105 (3d Cir. 2015).

Momin filed a second motion to reopen in May 2016. He acknowledged his motion was time- and number-barred under 8 C.F.R. § 1003.2(c)(2), which allows a

petitioner to file only one such motion "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." *Id.* However, he argued that he qualified for an exception under 8 C.F.R. § 1003.2(c)(3)(ii), which exempts from the time and number limitations motions that rely on evidence of "changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." *Id.*; *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

In support of his motion, Momin presented evidence of his active involvement with the BNP in the United States and a 2016 assault on his brother in Bangladesh, during which Awami League members allegedly threatened to kill Momin if he returned to Bangladesh and did not cease his political activism. Momin also submitted, *inter alia*, a letter from his brother regarding his brother's confrontation with Awami League members, photographs of Momin engaged in political activities in the United States, news articles referencing BNP events in the United States, and the 2014 and 2015 U.S. State Department Reports on Human Rights in Bangladesh. In November 2016, the BIA denied his motion. This timely petition for review followed.

## II.    Standard of Review[1]

The BIA has discretion to grant or deny a motion to reopen, and therefore our review of its decision is "highly deferential." *Guo v. Ashcroft*, 386 F.3d 556, 561–62 (3d

---

[1] The BIA had authority to review Momin's motion under 8 C.F.R. § 1003.2(c), and we have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252(a).

Cir. 2004). We will only reverse the BIA's decision as an abuse of discretion if it is "arbitrary, irrational, or contrary to law." *Id.* at 562. Similarly, we review the BIA's factual findings in support of its decision under a "deferential substantial evidence standard." *Abdille v. Ashcroft*, 242 F.3d 477, 483 (3d Cir. 2001). The BIA has "a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim," *Zheng v. Att'y Gen.*, 549 F.3d 260, 268 (3d Cir. 2008), and "must provide an indication that it considered such evidence, and if the evidence is rejected, an explanation as to why it was rejected," *Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014). At the same time, however, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," and may assess evidence "in summary fashion without a reviewing court presuming that it has abused its discretion." *Zheng*, 549 F.3d at 268.

## III. Discussion

Momin claims the BIA erred in two ways in denying his motion and that those errors give rise to a due process violation. We reject this claim because we perceive no underlying legal error.[2]

First, Momin points to particular evidence that he alleges constitutes changed country conditions and asserts this evidence was not considered by the BIA. This challenge lacks merit. Contrary to Momin's assertion that the BIA did not explicitly

---

[2] Because we affirm the BIA's decision as to changed country conditions, we need not address whether the BIA could also have concluded that Momin failed to make a prima facie case for relief.

4

mention "any of the evidence" he presented, Pet'r's Br. 12, the BIA listed each piece of evidence Momin offered in support of his motion and explained in detail, making specific reference to the 2009 and 2015 State Department Reports, why that evidence did not reveal a material change in country conditions. *See Zheng*, 549 F.3d at 268. Thus, we are satisfied the BIA adequately considered Momin's evidence.

Second, Momin argues, to the extent his evidence was considered and deemed unpersuasive, the BIA erred in denying his motion because the evidence he presented does rise to the level of materially changed country conditions in Bangladesh—specifically, evidence that, since the IJ's decision in 2011, the Awami League has become aware of his political activism in the United States and political violence has materially increased in Bangladesh. Neither of these proffers is sufficient for Momin to meet his "heavy burden of demonstrating" the facts alleged "would be sufficient, if proved, to change the result of [his asylum] application." *Khan v. Att'y Gen.*, 691 F.3d 488, 496-97 (3d Cir. 2012) (internal quotations marks omitted).

As the BIA recognized, evidence of any change in Momin's BNP participation in the United States, or the Awami League's subsequent awareness of his new political activities, relates to changed personal circumstances, not changed country conditions in Bangladesh, and changed personal circumstances do not excuse an alien from the time and number limitations on a motion to reopen. *Id.* at 497–98 (holding that a choice to engage in political activities is a changed personal circumstance insufficient to justify reopening). While Momin also cites the 2015 State Department Report, which described a limited increase in political violence in early 2015 in response to the prior year's

5

elections, to show that political violence has materially increased in Bangladesh since the IJ's decision in 2011, the 2009 State Department Report, included in the record before the IJ, described a similar spike in political violence after the country's 2008 elections. Thus, as the BIA observed, the 2015 Report merely revealed that "violence is, and has been, a frequent feature of political activity in Bangladesh," and the "reports of violence with regard to elections and political participation in Bangladesh" at the time of Momin's motion to reopen were comparable to those available prior to his 2011 hearing. A.R. 4. Momin also identifies his brother's 2016 assault by the Awami League as evidence of increased violence in Bangladesh, but we have previously held that State Department Reports are "the most appropriate and perhaps the best resource" for assessing country conditions. *Zubeda v. Ashcroft*, 333 F.3d 463, 477–78 (3d Cir. 2003) (citation omitted). As such, we will not disturb the BIA's determination to afford them greater weight than Momin's anecdotal evidence.

In sum, the evidence Momin presents does not establish that political violence in Bangladesh has materially increased, but rather that it has merely continued, or at most, risen incrementally since the IJ's decision in 2011. *See Pllumi v. Att'y Gen.*, 642 F.3d 155, 161 (3d Cir. 2011) (affirming the BIA's finding that a continuation of violent conditions did not demonstrate a material change in conditions); *Parvez v. Keisler*, 506 F.3d 93, 97–98 (1st Cir. 2007) (indicating that consistent reports of political violence in Bangladesh did not establish sufficiently changed conditions); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (explaining that an "incremental or incidental" change in country conditions is immaterial). Accordingly, the BIA did not abuse its discretion,

6

much less violate Momin's due process rights, in finding no evidence of materially changed country conditions sufficient to justify reopening.

## III.    Conclusion

For the foregoing reasons, we will deny Momin's petition for review.